## PROTECTED HOME CIRCLE v. PIZZA.

Ohio Appeals, 6th Dist., Lucas Co.

No. 2029. Decided May 21, 1928.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

**INSURANCE.**
(310 Pb) Recovery on benefit certificate held manifestly against evidence.

**TRIAL.**
(590 Cc2) To charge the jury on an issue not raised by the pleadings and evidence is prejudicial **error.**

Error to Common Pleas.

Judgment reversed.

Denman, Miller & Wall, Toledo, for Home Circle.

Ira Bame and F. M. Sala, Toledo, for Pizza.

### STATEMENT OF FACTS.

LLOYD, J.

Defendant is a fraternal benefit society organized under the laws of Pennsylvania, with its home office in the city of Sharon.

In the city of Toledo is a local branch thereof known as "Queen Circle," of which Myrtle Pizza, who prior to her death on January 13, 1927, was the wife of plaintiff, had been a member. On March 1, 1926, defendant issued to Myrtle Pizza a Benefit Certificate in the sum of 1,000.00, payable in the event of her death, to the plaintiff, conditioned upon full compliance with the constitution, laws, rules and regulations of the society, one of which provided that

"In addition to the membership fees and dues * * benefit members shall pay monthly payments into the benefit fund in proportion to their age * * and for any neglect or failure to make such payments within the month for which they become due and payable, the member shall stand suspended from the Order without notice and his membership shall become null and void and all benefits thereunder cease without any action on the part of the supreme or local Circle."

Another provision was, in substance, that whenever the Benefit Certificate of any member should so become void, he might, at any time within three months after suspension, be reinstated by payment of all dues and monthly payments unpaid and a fee of 25c, and a further written statement and warranty that he was in good health and that he should answer satisfactorily the questions on the application for reinstatement, and that any attempts of reinstatement should not be effective for the purpose unless the member was in good health at the time and if any of the representations or statements made by said applicant were untrue, then said payments should not cause his reinstatement or operate as a waiver.

The rules of the Order provided for a local accountant so designated, to whom monthly payments and dues might be paid. Mrs. Pizza chose to pay the premiums on the Benefit Certificate issued to her, quarterly. It is admitted that the first, second and third quarterly premiums were paid by Mrs. Pizza, but the defendant denies that any payments covering the month of December, 1926, had been made by her or any one in her behalf, and that thirty

days thereafter such non-payment automatically operated as a suspension, and that her rights under the Benefit Certificate thereupon and from that time ceased. Some time in January prior to the 13th, the local accountant reported to the Sharon office that Mrs. Pizza was delinquent, and the suspension of Mrs. Pizza was entered upon the records of the Society. Mrs. Pizza became suddenly ill about 1:30 or 2:00 o'clock on the morning of January 13th, 1927, and at about 7:00 o'clock was taken to Mercy Hospital, where she died around 10:00 or 10:30 o'clock that morning.

The plaintiff, as the beneficiary named in the Benefit Certificate, issued to Mrs. Pizza by the defendant, commenced an action in the Court of Common Pleas to recover the $1,000.-00 named therein, and alleged that due compliance had been made with all of the conditions thereof, and with all of the laws and regulations of the defendant society relating thereto. The defendant denied that compliance had been made therewith and affirmatively alleged ·in substance the failure to make the payments required thereby, resulting in the suspension of Mrs. Pizza, and that thereby the benefits accruing under the certificate issued to her were forfeited. The only real question involved was whether or not the payments due from Mrs. Pizza in December, 1926, had been paid. The trial resulted in a verdict and judgment for the· plaintiff.

In its petition in error and brief defendant claims:

1. Error in the admission of certain testimony.

2. Error in the general charge of the court.

3. That the verdict and judgment are against the weight of the evidence.

Certain witnesses were permitted to testify that a certain card which they claim to have . seen, showed that all payments due from Mrs. Pizza to January 1st, 1927, had been paid. This testimony was permitted on the theory that such a card was in existence and in the possession of the defendant and that defendant had refused, upon request, to produce it at the trial.

LLOYD, J.

We are of the opinion that the testimony as to the identification of this card, to say the least, is very meager.

In his general charge the court said:

"If she (referring to Mrs. Pizza) was not in good standing by reason of her failure to pay dues and such failure was not waived by the .defendant, then the policy and the contract would be lapsed and void."

And later, in his charge, referring to what had thus been said by him, further stated:

"I said something about waiver and I think it is proper to briefly say to you that the provision of the constitution and by-laws of the defendant company providing the failure to pay dues and assessments within the months for which they were .due would ·ipso facto or automatically work a suspension or forfeiture of the rights under the certificate· is. for the benefit of the association, and may be waived by a stipulation on the part of the defendant not to insist upon the performance of that provision of the contract, and a waiver of the rights to insist upon payments within that stipulated time, that is, the original contract in force, if the defendant association

waived the payment within that month for the· month of December, 1926, it cannot afterwards recall or reclaim such waiver of forfeit of such certificate."

There was no issue made by the pleadings as to any waiver by the defendant of its right to insist upon compliance with all of the terms and conditions of the benefit certificate issued to Mrs. Pizza. There was evidence as to plaintiff, at 11:30 A. M. of the morning when Mrs. Pizza died, making certain payments to the local accountant of defendant, which were received by her, as she claims, without knowledge of the sickness or death of Mrs. Pizza and on the basis of an application by the latter for reinstatement in the society. The jury may have thought that this portion of the charge related to this phase of the testimony, and that the receipt of the money paid by Mr. Pizza at this time and received by the local accountant constituted a waiver by defendant of the suspension resulting from the non-payment of the sums payable in December, if they found same had not been paid. In any event, neither the pleadings nor the evidence created such an issue and to so charge the jury was prejudicial error.

We have carefully read the evidence contained in the record and are of the opinion that there was some evidence tending to prove the alleged claim of plaintiff and that the court did not err in refusing to .direct a verdict in favor of the defendant. We, however, are convinced that the verdict and judgment are manifestly against the weight of the evidence.

We find no error in the record prejudicial to the plaintiff in error other than above mentioned, but because of those to which attention has been directed, the judgment is reversed and the action remanded to the Court of Common Pleas for further proceedings according to law.

(Richards and Williams, JJ., concur.)